UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTOINE SKINNER,                       )
                                       )
                    Petitioner,        )
                                       )
            vs.                        )        CAUSE NO. 3:16-CV-216 WL
                                       )
SUPERINTENDENT,                        )
                                       )
                    Respondent.        )

OPINION AND ORDER

Antoine Skinner, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-09-413) held at the Miami Correctional Facility on October 21, 2015. The Disciplinary Hearing Officer (DHO) found him guilty of Possession of a Controlled Substance in violation of B-202 and sanctioned him with the loss of 90 days earned credit time and a demotion from Credit Class 1 to Credit Class 2. In the petition, Skinner raises two grounds.

In Ground One, Skinner argues that the DHO was not impartial. He argues that she acted as a prosecutor when she was the screening officer (who notified him of the charges and asked what witnesses or exhibits he wanted to present) as well as a judge when she was the hearing officer (who heard the evidence and decided if he was guilty).

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, the DHO did not write the

Conduct Report or witness the incident. Neither has Skinner provided clear evidence that the

DHO was otherwise biased. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Skinner argues that there was insufficient evidence to have found him

guilty. In evaluating whether there was adequate evidence to support a finding of guilt in a prison

disciplinary proceeding, "the relevant question is whether there is any evidence in the record that

could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S.

445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some
> evidence in the record. This is a lenient standard, requiring no more than a modicum
> of evidence. Even meager proof will suffice, so long as the record is not so devoid
> of evidence that the findings of the disciplinary board were without support or
> otherwise arbitrary. Although some evidence is not much, it still must point to the
> accused's guilt. It is not our province to assess the comparative weight of the
> evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and

ellipsis omitted).

Here, the Conduct Report states:

> On 9/23/2015 at approx. 1610 I Officer Chevalier was doing range walk on
> the 3/4 side of C-unit when I came up to Skinner, Antoine # 946727 C413 Cell. I
> Officer Chevalier smelled an odd odor coming from the cell. I Officer Chevalier
> had Officer Mosley open the cell door. I Officer Chevalier ask offender Skinner
> and offender Richardson, Thomas # 164706 to have a seat in the day room. I Officer
> Chevalier seen a small rolled up coffee paper with burnt end and a piece of toilet
> paper with bum + ends in the toilet. I Officer Chevalier found more coffee paper
> on the white desk. I Officer Chevalier seen pencil led in the light socket which I
> tookout. On the desk I Officer Chevalier also found some green leafy substance on
> the desk. I Officer Chevalier found a cotton swab bag with a green leafy substance
> in the bag. Also found an altered fan.

DE 1-1 at 3-4. A memorandum from Investigations stated that "The items confiscated from the

above offender on 9/23/15 were tested using NARKII Narcotics Reagent Field Test. The result

was: Positive – Synthetic Marijuana." DE 1-1 at 10. This is some evidence that Skinner possessed a controlled substance. Skinner argues that the oder was not specifically described in the report. Nevertheless, since he was written up for possessing a controlled substance, it was reasonable for the DHO to have concluded that the reporting officer believed that it smelled like a controlled substance. Skinner argues that the NARKII test can produce false positives and that not all green leafy substances are controlled substances. Though true, it was not arbitrary for the DHO to have based its decision on that evidence. Moreover, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore Ground Two is not a basis for habeas corpus relief either.

If Jackson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Antoine Skinner is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: January 25, 2017

    s/William C. Lee                
William C. Lee, Judge
United States District Court